UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

GERSON PELAGIO SUAREZ,

Defendant.

No. 16-cr-453 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Gerson Pelagio Suarez, incarcerated and proceeding *pro se*, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the alleged "risk of severe illness should he recontract COVID-19," given his existing conditions of hypertension, high cholesterol, "borderline diabetes," and obesity, as well as his past smoking history. (Doc. No. 200 at 8, 20.) Because Suarez has not yet exhausted his administrative remedies, his request is DENIED without prejudice to renewal.

In 2016, Suarez was charged with conspiring to manufacture and distribute cocaine while aboard a vessel subject to the jurisdiction of the United States. (Doc. No. 13.) Suarez pleaded guilty to conspiracy to manufacture or distribute narcotics on a vessel and possession with intent to distribute narcotics on a vessel in violation of 46 U.S.C. § 70503. (*See* Doc. Nos. 101, 169.) At sentencing, the Court noted that Suarez had committed an "incredibly serious crime" by transporting approximately "a ton-and-a-half" of cocaine. (Doc. No. 160 at 9.) The Court also found that Suarez compounded his culpability by obstructing justice and providing false testimony "not once, not twice, but three times" (*id.* at 30) – testimony that the Court deemed to be "demonstrably" and "preposterously false" (*id.* at 17). As a result, the Court sentenced Suarez to

292 months' imprisonment, to be followed by five years' supervised release.  (*See* Doc. No. 169 at 2–3.)

Suarez seeks relief under the First Step Act of 2018, which permits a court to reduce a defendant's prison term upon a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and the reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) also provides, however, that a court "may not modify a term of imprisonment once it has been imposed" except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.* § 3582(c)(1)(A) (emphasis added); *see also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (explaining that "absent waiver or forfeiture by the government, an inmate *must* exhaust administrative remedies by requesting such relief from prison authorities" (emphasis added)); *United States v. Massa*, No. 00-cr-1118 (JSR), 2021 WL 4847424, at *2 (S.D.N.Y. Oct. 18, 2021) (concluding that a defendant must comply with the "modest requirement" of making a request to the Bureau of Prisons before a court may address his motion for compassionate release on the merits).

Here, Suarez does not suggest that his motion for compassionate release has been endorsed by the Director of the Bureau of Prisons (the "BOP").  Instead, he asserts that he exhausted his administrative remedies because he requested compassionate release from the Warden at his facility, the Federal Correctional Institution ("FCI") at Fort Dix, on November 1, 2020, and his request was denied in December 2020.  (Doc. No. 200 at 6.)  But Suarez offers no evidence of such a request, which – if Suarez is to be believed – was filed with the Warden at the very time

2

that Suarez was pursuing a separate motion for compassionate release before this Court.  (*See* Doc. Nos. 184, 185.)

Furthermore, much of the conduct described in Suarez's motion – such as his purported December 28, 2020 transfer to the east side of the FCI Fort Dix facility and his subsequent treatment by prison officials – postdates this purported November 2020 request.  (Doc. No. 200 at 22.)  It is therefore clear from the face of Suarez's motion that his request for relief is based on newly alleged facts and arguments that could not have been presented to the BOP, and that he thus has not satisfied the exhaustion requirement of section 3582(c)(1)(A).  *See United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) (explaining that where a defendant asserts "new bases" for relief in a renewed motion for compassionate release, the defendant must exhaust his administrative remedies in connection with his renewed request); *United States v. Torres*, No. 16-cr-500 (RMB), 2021 WL 37690, at *2 (S.D.N.Y. Jan. 5, 2021) (same); *United States v. Gomez*, No. 15-cr-348 (PGG), 2022 WL 61317, at *2 (S.D.N.Y. Jan. 5, 2022) (concluding that defendant failed to exhaust his administrative remedies when he failed to seek compassionate release from the warden based on the particular facts presented in his motion to the court), *aff'd*, No. 21-2429, 2022 WL 7772745 (2d Cir. Oct. 14, 2022); *see also United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (emphasizing that the exhaustion requirement serves the important purposes of "ensur[ing] that the prison administrators can prioritize the most urgent claims . . . . [and] investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist").[1]

---

[1] Suarez appended to his motion a May 29, 2021 letter concerning the conditions at FCI Fort Dix.  (Doc. No. 200 at 50–53.)  But in addition to postdating his claimed November 2020 request for compassionate release to the Warden, this letter requests only that the facility be investigated; it does not anywhere mention compassionate release, nor does Suarez represent that this letter constituted an effort to exhaust his claims (*see id.* at 6).  Moreover, it is not clear if any copy of this letter, which Suarez represents was addressed to the ACLU (*id.* at 4), was provided to the BOP.  This letter therefore does not alter the Court's conclusion that Suarez failed to exhaust his present claims.  *See, e.g.*, *United*

Although the exhaustion requirement is not a jurisdictional limitation, *see United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021), Suarez has offered no explanation – let alone a compelling one – for his failure to pursue his administrative remedies.  *See United States v. Campbell*, No. 17-cr-54 (NRB), 2022 WL 2305761, at *1 n.1 (S.D.N.Y. June 27, 2022) (noting that some district courts have concluded that they have discretion to waive the exhaustion requirement in light of equitable considerations not asserted here); *United States v. Haney*, 454 F. Supp. 3d 316, 318 n.1, 320–21 (S.D.N.Y. 2020) (same).

Accordingly, IT IS HEREBY ORDERED THAT Suarez's motion for compassionate release is DENIED without prejudice to renewal after his exhaustion of administrative remedies.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 200 and mail a copy of this Order to Suarez at the address listed in his motion.

SO ORDERED.

Dated:          November 22, 2023
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

*States v. Harrison*, No. 14-cr-167 (NRB), 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021) (recognizing that, although *pro se* submissions must be construed liberally, a defendant still bears the burden of demonstrating that he has exhausted his administrative remedies); *United States v. Acosta-Martinez*, Nos. 12-cr-63, 15-cr-87 (JFB), 2023 WL 3628589, at *1 (E.D.N.Y. May 24, 2023) (same).