UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-cr-453-2 (RJS) |
| -v- | ORDER |
| GERSON PELAGIO SUAREZ, | |
| Defendant. | |

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Gerson Pelagio Suarez, proceeding *pro se*, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines").[1] (Doc. No. 210.) For the reasons set forth below, Suarez's motion for a sentence reduction pursuant to Amendment 821 is GRANTED.

I.  **Background**

On May 24, 2016, Suarez was arrested by the United States Coast Guard in international waters aboard a boat containing more than a metric ton of cocaine. (*See* Doc. No. 206 at 12–13.) The following year, Suarez pleaded guilty to one count of conspiracy to manufacture and distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503, 70506(b), and 70504(b)(1); 18 U.S.C. § 3238; and 21 U.S.C. § 960(b)(1)(B), and one count of possession with intent to manufacture and distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a),

---

[1] Suarez also moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and retroactive application of the "safety valve" provision of 18 U.S.C. § 3553(f) (*see* Doc. No. 210), but he subsequently withdrew those requests for relief after the government consented to his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (*see* Doc. No. 215 at 2–3).

and 70504(b)(1); 18 U.S.C. § 3238 and 2; and 21 U.S.C. § 960(b)(1)(B). (*See* Doc. Nos. 101, 169, 206.)

Before imposing sentence, the Court determined that Suarez's base offense level was 38 because he possessed more than 450 kilograms of cocaine. (Doc. No. 160 at 4:21–23.) The Court also imposed a two-level enhancement for obstruction of justice in light of the false statements Suarez made during his duress hearing, guilty plea, and *Fatico* hearing, and declined to credit Suarez with a three-level reduction for acceptance of responsibility. (*See id.* at 4:23–5:15.) The Court further determined that Suarez was in criminal history category I because he had no prior criminal convictions. (*See id.* at 5:17–19.) Based on the total offense level of 40 and Suarez's placement in criminal history category I, the Court determined that his advisory Guidelines range was 292 to 365 months' imprisonment. (*See id.* at 5:20–21.)

The Court sentenced Suarez to a within-Guidelines sentence of 292 months' imprisonment. After referring to the factors set forth in 18 U.S.C. § 3553(a), the Court explained that "a significant part of the reason for the lengthy jail sentence . . . [was] the magnitude of the crime" because "[t]he harm that is done by a [metric] ton of cocaine is almost incalculable" and "[t]he lives affected, the families affected, [and] the communities affected by drugs of that type and that volume is staggering." (*Id.* at 27:18–23.) The Court also made clear that "the sentence here is . . . in part a reflection of the decisions . . . Mr. Suarez [made] to game the system, to make false statements under oath, not once, not twice, [but] three times." (*Id.* at 27:24–28:2.) The Court further noted that Suarez's background and circumstances – specifically that he "had an education, had a job, had a family, [and] had the respect and love of people close to him" – suggested that his choice to commit these crimes "was a conscious decision motivated by greed" with no consideration of "the impact [that] []his criminal conduct [would have] on other human beings, including children and

people who are quite vulnerable." (*Id.* at 29:10–23.)  Although Suarez requested a below-Guidelines sentence of 120 months, the Court was ultimately "persuaded that a [G]uideline[s] sentence at the low end" of the Guidelines range was "appropriate" and sentenced Suarez to 292 months' imprisonment. (*Id.* at 31:1–4, 25.)

Approximately five years later, the United States Sentencing Commission adopted Amendment 821 which made several retroactive changes to the Guidelines. *See United States v. Budovsky*, No. 13-cr-368-4 (DLC), 2024 WL 1676337, at *2 (S.D.N.Y. Apr. 18, 2024).  One of those changes provided for a two-level reduction in the base offense level for defendants with zero criminal history points and whose instant offense did not fall under certain specified exceptions. *See* U.S.S.G. § 4C1.1.  After Amendment 821 took effect, the United States Probation Department filed a Supplemental Presentence Report, noting that Suarez qualifies for the two-level reduction provided by Amendment 821 and that his amended Guidelines range is now 235 to 293 months' imprisonment. (*See* Doc. No. 206 at 2–3.)

Suarez then filed the instant *pro se* motion seeking a reduction in sentence. (*See* Doc. No. 210 at 9–14.)  In response, the government agreed with the Probation Department that Suarez qualifies for the two-level reduction and that his amended Guidelines range is 235 to 293 months' imprisonment. (*See* Doc. No. 212 at 2–3.)  The government also expressly stated that it "does not object to the Court granting [Suarez]'s motion and reducing [his] sentence to a sentence [of] not less than 235 months – which is at the bottom end of the amended Guidelines range – because the Court previously determined that a comparable sentence relative to the original Guidelines range of 292 to 365 months was warranted." (*Id.* at 3.)

## II. Legal Standard

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the court may grant a defendant's motion for a sentence reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* If the court finds that a defendant is eligible for such a reduction, "[the] court may reduce the sentence after considering the applicable factors under [18 U.S.C.] § 3553(a)." *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted). However, as relevant here, even if a defendant is eligible for a sentence reduction and the section 3553(a) factors favor one, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

## III. Discussion

The Court concludes that Suarez is eligible for a sentence reduction under Amendment 821. He has zero criminal history points, and his crime of conviction does not fall under any of Amendment 821's specified exceptions. His amended total offense level after taking into account Amendment 821's two-level reduction is 38. He remains in criminal history category I. Accordingly, Suarez's amended Guidelines range is 235 to 293 months' imprisonment.

Because Suarez's applicable Guidelines range has been lowered, the Court generally agrees that a commensurate reduction in his sentence is appropriate. Make no mistake, the Court remains convinced that the section 3553(a) factors continue to weigh in favor of a within-Guidelines sentence "at the low-end of the Guidelines range." (Doc. No. 160 at 31:1–2.) As the Court emphasized at sentencing, a lengthy term of imprisonment is appropriate here in light of the magnitude of Suarez's crimes, his lack of remorse, his failure to accept responsibility, and his

willful attempts to obstruct justice. (*See id.* at 30:1–20.) Nevertheless, given that the Court also gave considerable weight to Suarez's then-Guidelines range and found that the section 3553(a) factors supported such a sentence (*see id.* at 31:3–4), the Court concludes that such factors support a sentence toward the bottom – but not at the very bottom – of his amended Guidelines range. In light of the unique circumstances of this case, including the sheer magnitude of drugs involved and Suarez's persistent and repeated attempts to obstruct justice, the Court is convinced that nothing less than a sentence of twenty years would be appropriate. *See United States v. Leonard*, 844 F.3d 102, 112 (2d Cir. 2016) (noting that when an applicable Guidelines range has been subsequently lowered by an amendment to the Guidelines, "the district court – in its discretion – could reduce [the defendant's] sentence to anywhere" below the previous sentence but within the defendant's new Guidelines range); *see also United States v. Williams*, 102 F.4th 618, 624 (2d Cir. 2024) (explaining that district courts have "broad" discretion in deciding whether the section 3553(a) factors warrant a sentence reduction).

Accordingly, it is hereby ORDERED that Suarez's motion for a reduction in sentence pursuant to Amendment 821 is GRANTED and his term of imprisonment is reduced from 292 months to 240 months' imprisonment, with all other terms and conditions of the original judgment remaining in place.

SO ORDERED.

Dated:   August 4, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation